**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF JASON CHARLES CIAROCHI | § § § § § § § | Case No. 4:26-mc-4-JDK |

## ORDER TO SHOW CAUSE

This miscellaneous action addresses the conduct of attorney Jason Charles Ciarochi in *United States v. Gann*, No. 4:24-cv-277 (E.D. Tex), a tax enforcement action against Ciarochi's client, Scott Gann.

On October 21, 2025, Ciarochi filed a motion to disqualify Chief District Judge Amos Mazzant in the *Gann* matter. *See* Docket No. 97.[1] Ciarochi filed the motion more than a year after the suit was filed, citing 28 U.S.C. § 455 as the basis for recusal. Section 455 states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Ciarochi claimed that, in approximately 1988, Chief Judge Mazzant and his client Scott Gann were "romantic rivals" and that Chief Judge Mazzant could not be impartial in the case. Docket No. 97 at 8.

Chief Judge Mazzant held a hearing and orally denied the motion on October 30, 2025. At the hearing, Chief Judge Mazzant repeatedly denied Gann's "vague and

[1] *Gann* involved the enforcement of federal tax liens against certain property in Collin County, Texas, owned by Scott Gann. All docket citations in this Order are citations to the docket in *Gann*, No. 4:24-cv-277.

unsupported allegations," "denied ever having seen Gann prior to the October 30, 2025 hearing," and "noted that his [Mazzant's] personal circumstances at that time simply did not permit Gann's accusations to be possible." Docket No. 101 at 2. Chief Judge Mazzant also warned Ciarochi at the end of the hearing that Ciarochi "had failed to raise a sufficient factual or legal basis for recusal[] and ordered him to file a supplemental brief indicating the presence of good faith . . . within four days." *Id.* at 3.

Five days later, Ciarochi filed a "brief supporting bases for motions related to conflict, recusal and disqualification." Docket No. 100. The brief was filled with typographical errors, stream-of-consciousness sentences, and unsubstantiated allegations. Ciarochi stated in the brief that his recusal motion was filed "in good faith" and was filed late in the case only because "Gann did not see the Curt [sic] or the name of the Presiding Judge before." *Id.* at 2. Although Ciarochi attempted to withdraw all "references to 'romantic rivalries'" between Gann and Chief Judge Mazzant, Ciarochi doubled down on Gann's claim of a "confrontation" and "hostile and heated exvchange [sic]" between Gann and Mazzant approximately 37 years ago. *Id.* at 1, 5; *see id.* at 9 ("Gann is comfortable with his portrayal of the interactions of the parties"). Ciarochi also attached a declaration by Gann, which is similarly rambling, unclear, and riddled with errors. *Id.* at 25–29. In the declaration, Gann repeats his claim that he and Chief Judge Mazzant had a "heated . . . exchange" years ago, although Gann provides no further detail to support his claim. *Id.* at 27. Finally, Ciarochi's brief invokes 28 U.S.C. § 144, which states that a judge "shall proceed no

further" in a case in which a party has "file[d] a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice . . . against him." *See id.* at 9–11.

On December 2, 2025, Chief Judge Mazzant issued a memorandum opinion and order denying the recusal motions. Docket No. 101. The order noted that Gann lacked any evidence to support his recusal requests; that Gann's testimony was "contradictory," "vague," and "empty"; and that Gann had failed to "directly respond[] to the Court's insistence that he is likely simply mistaken" in alleging that the two had a rivalry or confrontation. *Id.* at 2; 5; 6; 8. Chief Judge Mazzant also separately issued an order to show cause directing Ciarochi to:

> appear and show cause why he should not be sanctioned and/or appropriately disciplined for conduct unbecoming of a member of the bar, including: (a) Bringing a motion to recuse under 28 U.S.C. § 455 absent any viable factual or legal basis (Dkt. #97)[,] (b) Bringing an additional motion to recuse under 28 U.S.C. § 144 before the Court on the same barren factual and legal basis as the original 28 U.S.C. § 455 claim, despite being repeatedly forewarned of its insufficiency (Dkt. #100)[,] (c) Directly disobeying the Court's order to file a motion highlighting any good-faith legal and factual basis for recusal under 28 U.S.C. § 455[, and] (d) Repeated failure to meet Court deadlines.

Docket No. 102.[2]

Before a show-cause hearing was held, Gann was arrested in December 2025 for violating 18 U.S.C. § 115(a)(1)(B) by influencing, impeding, or retaliating against a United States judge by threatening to kill. *See* Case No. 4:25-mj-417, Docket No. 1. On December 29, 2025, Chief Judge Mazzant recused himself from the case, which was then reassigned to the undersigned District Judge.

[2] On December 16, 2025, the Government moved for Scott Gann to show cause or be held in contempt for recording of lis pendens (Docket No. 104), which the Court granted (Docket No. 109).

Ciarochi's sanctionable conduct has continued. On January 15, 2026, he failed to attend a court-ordered status conference in Plano. *See* Docket Nos. 115 & 116. Ciarochi also failed to timely respond to the Government's motion for an order declaring the lis pendens void. *See* Docket Nos. 120 & 122. And he failed to timely respond to the Government's motion for entry of final judgment. *See* Docket No. 125. Additionally, Ciarochi filed two briefs with the Court that were unsupported by legal authority and were at many times incoherent. *See* Docket Nos. 111 & 128. Accordingly, on February 17, 2026, the Court issued an order to show cause directing Ciarochi to appear and show cause why he should not be sanctioned or disciplined for the conduct identified by Chief Judge Mazzant in the December 2 order, as well as for "Repeated failure to present to the Court filings supported by legal authority (Docket Nos. 111 & 128)." Docket No. 127. The Court set the show-cause hearing for April 2, 2026, but later cancelled the hearing because of a scheduling conflict.

The Court now initiates this separate proceeding to address Ciarochi's conduct as an attorney. Pursuant to Federal Rule of Civil Procedure 11(c), Local Rule AT-2(d)(1), and the Court's inherent power to regulate a party's conduct in a case before it, Jason Charles Ciarochi is hereby **ORDERED** to appear and show cause why he should not be sanctioned and/or appropriately disciplined for conduct unbecoming of a member of the bar,[3] including:

(a) Bringing a motion to recuse under 28 U.S.C. § 455 absent any viable factual or legal basis (Docket No. 97);

---

[3] TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 8.02(a), 3.01, 33.04(c)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2005); Local Rule AT-3(B), AT3(I); FED. R. CIV. P. 11.

(b) Bringing an additional motion to recuse under 28 U.S.C. § 144 before the Court on the same barren factual and legal basis as the original 28 U.S.C. § 455 claim, despite being repeatedly forewarned of its insufficiency (Docket No. 100);

(c) Directly disobeying the Court's order to file a motion highlighting any good faith legal and factual basis for recusal under 28 U.S.C. § 455;

(d) Repeated failure to present to the Court filings supported by legal authority (Docket Nos. 111 & 128); and

(e) Repeated failure to meet Court deadlines, including the failure to appear before the Court at the January 15, 2026 status conference.

The procedures of Local Rule AT-2(d)(2) are not yet applicable because it has not yet been shown to the Court that conduct which might warrant suspension or disbarment has occurred, as opposed to conduct that might warrant a lesser sanction such as probation, reprimand, or limitation of future practice. *See* Am. Bar Ass'n, Model Rules for Lawyer Disciplinary Enforcement, Rule 10(A) (Types of Sanctions). Ciarochi is advised that notice of any disciplinary action taken, however serious, will be sent in accordance with this Court's Local Rule AT-2(d).

The show-cause hearing is scheduled for **Wednesday, June 3, 2026,** at **10:00 a.m.** at the William M. Steger Federal Building and United States Courthouse located at **221 W. Ferguson Street, Tyler, Texas**.

So **ORDERED** and **SIGNED** this **10th** day of **April, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE