**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF JASON CHARLES CIAROCHI | § § § § § | Case No. 4:26-mc-4-JDK |

**OPINION AND ORDER**

On April 10, 2026, the Court ordered attorney Jason Charles Ciarochi to show cause why he should not be sanctioned for conduct unbecoming of the bar. Docket No. 1. Despite receiving notice and ample opportunity to respond, Ciarochi failed to appear at the show-cause hearing and failed to file any response explaining why he should not be sanctioned.

For the reasons explained below, the Court finds that a public reprimand is an appropriate sanction here. The Court also finds that, because of his erratic and concerning conduct, Ciarochi should be referred to the Texas State Bar's Office of the Chief Disciplinary Counsel for further disciplinary action.

**I.**

This disciplinary matter arises from Ciarochi's representation of his client Scott Gann in a tax enforcement action, *United States v. Gann*, No. 4:24-cv-277 (E.D. Tex.), initially assigned to Chief District Judge Amos Mazzant. More than a year after the suit was filed, Ciarochi filed a motion to disqualify Chief Judge Mazzant, citing 28 U.S.C. § 455 as the basis for recusal. *Gann*, No. 4:24-cv-277, Docket No. 97. Ciarochi claimed that, in approximately 1988, Chief Judge Mazzant and his client

Scott Gann were "romantic rivals" and that Chief Judge Mazzant could not be impartial in the case. *Id.* at 3.

At a hearing on the matter, Chief Judge Mazzant orally denied the motion, noting that his "personal circumstances at that time simply did not permit Gann's accusations to be possible." *Gann*, No. 4:24-cv-277, Docket No. 101 at 2. Chief Judge Mazzant repeatedly denied Gann's "vague and unsupported allegations" throughout the hearing and warned Ciarochi that he "had failed to raise a sufficient factual or legal basis for recusal[] and ordered him to file a supplemental brief indicating the presence of good faith . . . within four days." *Id.* at 2–3.

One day after the Court-imposed deadline, Ciarochi filed a brief essentially repeating the same argument for recusal. *See generally Gann*, No. 4:24-cv-277, Docket No. 100. This time, though, Ciarochi abandoned the "romantic rivals" theory and insisted that recusal was necessary because of a negative "confrontation" between Gann and Chief Judge Mazzant approximately 37 years ago. *Id.* On December 2, 2025, Chief Judge Mazzant issued a memorandum opinion and order denying the recusal motions. *Id.*, Docket No. 101. The order noted that Gann lacked any evidence to support his recusal requests; Gann's testimony was "contradictory," "vague," and "empty"; and Gann had failed to "directly respond[] to the Court's insistence that he is likely simply mistaken" in alleging that the two had a rivalry or confrontation. *Id.* at 2, 5, 6, 8. Chief Judge Mazzant also separately ordered Ciarochi to show cause why he should not be sanctioned and/or

appropriately disciplined for conduct unbecoming of a member of the bar, including bringing the unsubstantiated recusal motions. Docket No. 102.

Before a show-cause hearing was held, Gann was arrested in December 2025 for violating 18 U.S.C. § 115(a)(1)(B) by influencing, impeding, or retaliating against a United States judge by threatening to kill. *See United States v. Gann*, No. 4:26-cr-117, Docket No. 1 (E.D. Tex.). On December 29, 2025, Chief Judge Mazzant recused himself from the tax enforcement case.

The case was then reassigned to the undersigned District Judge, where Ciarochi's sanctionable conduct persisted. On January 15, 2026, Ciarochi failed to attend a court-ordered status conference. *See Gann*, No. 4:24-cv-277, Docket Nos. 115 & 116. Ciarochi also failed to timely respond to multiple motions filed by the Government. *See id.*, Docket Nos. 102, 122 & 125. And he filed incoherent briefs unsupported by any legal authority. *See id.*, Docket Nos. 111 & 128. Accordingly, on February 17, 2026, the Court issued an order directing Ciarochi to appear and show cause why he should not be sanctioned or disciplined for: (1) the conduct identified by Chief Judge Mazzant in the December 2 order; (2) repeated failure to present filings supported by legal authority and; (3) repeated failure to meet Court deadlines. *See id.*, Docket No. 127.

The Court originally set the show-cause hearing for April 2, 2026, but later cancelled it due to a scheduling conflict. The Court then opened this miscellaneous action solely to address Ciarochi's conduct in the tax enforcement action. On April 10, 2026, the Court issued an order to show cause why Ciarochi should not be

sanctioned or disciplined and again set forth Ciarochi's potentially sanctionable conduct. Docket No. 1. The Court set the show-cause hearing for June 3, 2026. *Id.* The show-cause order was emailed to Ciarochi's address on file with the Court, and hard copies were mailed to the address Ciarochi used in the *Gann* matter as well as to Ciarochi's home address. On May 14, 2026, Ciarochi signed a delivery acknowledgement form acknowledging receipt of the show-cause order. Docket No. 2.[1]

Ciarochi failed to attend the show-cause hearing. After the hearing concluded, Ciarochi called the Court stating that he was "two hours away" but that he would leave shortly and would arrive "as sober as ever." Ciarochi also separately left a voicemail with the Court stating that he was aware of the show-cause hearing and attempting to explain why he was unable to drive himself to the hearing. These were not the only calls Ciarochi made to the Court in this manner. Like much of his writing, Ciarochi's calls were largely unintelligible and rambling.

## II.

Federal Rule of Civil Procedure 11(b) states that an attorney who presents a written motion to the Court is certifying that the motion "is not being presented for any improper purpose"; "the claims, defenses, and other legal contentions are warranted by existing law"; and "the factual contentions have evidentiary support or . . . will likely have evidentiary support." Rule 11(c) states that a court may "impose

[1] A month later, one of the envelopes containing the show-cause order was returned as "not deliverable" to the Court. Docket No. 3.

an appropriate sanction" on any attorney who violates Rule 11(b), after notice and a reasonable opportunity to respond.

Similarly, Local Rule AT-2 provides that "[t]he standards of professional conduct adopted as part of the Rules Governing the State Bar of Texas shall serve as a guide governing the obligations and responsibilities of all attorneys appearing in this court." Under Local Rule AT-2(d)(1), the Court may, "after an attorney has been given an opportunity to show cause to the contrary, take any appropriate disciplinary action against any attorney" for, among other reasons, "conduct unbecoming a member of the bar," "failure to comply with these local rules or any other rule or order of this court, "unethical behavior," and "inability to conduct litigation properly."

The Court has discretion in determining what sanction is appropriate to impose upon the violating party. *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 877 (5th Cir. 1988). "Whatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Id.* Appropriate sanctions may include monetary sanctions, admonishment or a reprimand, or requiring some form of legal education. *See id.*

Reprimands are appropriate when attorneys submit factually or legally flawed pleadings. For example, in *Jenkins v. Methodist Hosps. of Dallas, Inc.*, the court publicly reprimanded an attorney for making a "serious misrepresentation" of fact. 2004 WL 2871006, at *1 (N.D. Tex. Dec. 14, 2004), *aff'd,* 478 F.3d 255 (5th Cir. 2007). The attorney erroneously included a fact in a pleading that was inconsistent with his

client's statements on the record. *See id.* at *2. The court determined that the erroneous quotation could have been corrected "through simple proofreading." *Id.* And the court found that the attorney's decision to base his legal arguments on the incorrect statement was "wholly unreasonable." *Id.* *See also Seawright v. Charter Furniture Rental, Inc.*, 39 F. Supp. 2d 795, 803 (N.D. Tex. 1999) (sanctioning an attorney by public reprimand for bringing a "frivolous, unreasonable, and groundless" claim).

Similarly, here, Ciarochi's repeatedly making arguments without legal basis and fabricating and misstating facts warrant a public reprimand. *E.g.*, *Gann*, No. 4:24-cv-277, Docket Nos. 97, 100, 111, & 128. "Every attorney who appears in federal court has a duty to conduct a reasonable inquiry into the facts and law of a case at the time at which [he] affixes [his] signature on any papers to the court." *Amarillo Med. Specialists, LLP v. AKOS MD IPA, LLC*, 2026 WL 280476, at *6 (N.D. Tex. Feb. 3, 2026) (citation modified). As numerous courts have held, a lawyer is required to "'stop-and-think' before . . . making legal or factual contentions." *E.g., Jenkins v. Methodist Hosps. of Dallas, Inc.,* 478 F.3d 255, 265 (5th Cir. 2007). Ciarochi violated this principle on multiple occasions in written filings with the Court.

In addition, here, the Court warned Ciarochi following his first unsubstantiated recusal motion that he had failed to raise a sufficient factual or legal basis for recusal and ordered Ciarochi to demonstrate good faith. *Gann*, No. 4:24-cv-277, Docket No. 101. Yet, rather than correct the record, Ciarochi doubled down on the same factual basis that the Court had rejected less than a week earlier. To make

matters worse, Ciarochi's brief was filled with typographical errors and stream-of-consciousness sentences. *Id.*, Docket No. 100. This filing provides an additional, independent basis for a public reprimand.

Further, Ciarochi has repeatedly missed deadlines and has twice failed to appear at court-ordered hearings. One of the central purposes of Rule 11 is to "streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Court cannot accomplish this purpose without the cooperation of the attorneys who practice before it. Ciaorchi's conduct is unbecoming of a member of the bar, drains court resources, and creates unnecessary costs and inefficiencies on all parties to the proceeding. Ciarochi's conduct in this regard is yet another reason to impose a sanction here. *See Raylon LLC v. Complus Data Innovations, Co.*, No. 6:09-CV-355, 2015 WL 11121530, at *4 (E.D. Tex. May 4, 2015) ("Deterrence . . . has long been recognized at the primary purpose to be achieved by Rule 11 sanctions."); *Williams v. Select Portfolio Servicing, Inc.*, 2023 WL 113742, at *8 (W.D. Tex. Jan. 5, 2023) (sanctioning an attorney for, among other reasons, failing to appear at a status conference); *see also Matter of Anderson*, 2020 WL 7079135, at *1 (E.D. Tex. Dec. 3, 2020) (sanctioning an attorney by public reprimand for failing to comply with court orders).

Finally, the Court is concerned that Ciarochi's misconduct may be the result of a significant impairment. Not only has he presented unsubstantiated filings, missed deadlines, and ignored orders, Ciarochi has also behaved erratically, submitted incoherent papers, and made rambling and confused telephone calls to the Court.

The State Bar's Office of the Chief Disciplinary Counsel is best equipped to address this conduct and take appropriate action, including imposing additional sanctions if warranted. Accordingly, the Court refers Ciarochi to the Chief Disciplinary Counsel of the State Bar.

**III.**

For the reasons stated above, Jason Charles Ciarochi is **publicly reprimanded** for repeatedly making arguments without legal basis, fabricating and misstating facts, bringing an additional motion to recuse on the same barren factual and legal basis as the original motion, missing court-ordered deadlines, and failing to appear at court-ordered hearings.

Further, the Court hereby refers Ciarochi to the Office of the Chief Disciplinary Counsel for an investigation of Ciarochi's potential impairment and the imposition of any additional sanctions.

This proceeding is ordered unsealed, and the Clerk of the Court shall send copies of this final disciplinary action in accordance with Local Rule AT-2(e).

So **ORDERED** and **SIGNED** this **11th** day of **June, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE